■ LAURA DONIGI, Respondent, v AMERICAN CYANAMID COMPANY, Appellant.—Order, Supreme Court, New York County, entered May 11, 1976, setting aside a jury verdict in favor of the defendant and ordering a new trial in this action to recover damages for personal injuries, based on negligence, breach of warranty and fraud, deceit or negligent misrepresentation, unanimously reversed, on the law and the facts, and the jury verdict reinstated, without costs and without disbursements. The plaintiff sought damages for the permanent staining of her teeth caused when she was an infant by the use of Achromycin, a brand of tetracycline, developed and put into trade by the defendant. As the plaintiff herself states, the basic question at the trial was whether in 1958 the defendant knew or should have known that its product caused permanent teeth staining in children to have required it to have given warning in its literature and advertising. The jury's verdict favoring the defendant could only have been set aside if it could not have been reached on any fair interpretation of the evidence (Marton v McCasland, 16 AD2d 781). The trial court's decision dwelt only on the evidence that favored the plaintiff. It ignored countervailing evidence substantial enough to have created a question of fact for the jury. For example, the court cited experiments prior to 1958 that revealed discoloration in the bones of animals treated with tetracycline, but ignored evidence that the dosages given were 4 to 20 times larger than the maximum children would receive. The court noted the Schwackman report that children suffering from cystic fibrosis and treated experimentally with tetracycline developed tooth stains; it overlooked the report's evidence that the children were also treated with many other antibiotics and that it was not known which may have caused the staining and evidence that it may have been caused by the cystic fibrosis itself and that the plaintiff may have been suffering from cystic fibrosis. In its decision, the court also failed to consider the extensive evidence of premarketing testing by the defendant that gave no indication of tooth staining, the testimony of its continuous work with the Food and Drug Administration to keep its publication of newly obtained information up to date, and the contradictory testimony whether the plaintiff was ever treated with Achromycin after the time she claimed the defendant should have given notice. That the court may have concluded differently from the same evidence is not a sufficient reason to have disturbed a jury verdict (Vaughn-Rees v Connolly, 30 AD2d 785). Concur—Lupiano, J. P., Birns, Lane and Lynch, JJ.