■ JOHN WALTER, Individually and as Father and Natural Guardian of CHRISTOPHER WALTER, an Infant, Appellant, v LOUISE BAUER et al., Respondents. (Appeal No. 2.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Under the circumstances presented here, Special Term should have granted plaintiff's motion to amend the *ad damnum* clause. "[I]n the absence of prejudice to the defendant, a motion to amend the *ad damnum* clause, whether made before or after trial, should generally be granted" (*Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23; see, also, *Osowicki v Engert,* 85 AD2d 778; *Quirk v Lawler,* 85 AD2d 597). Defendants have not claimed prejudice and prejudice does not result merely from exposure to greater liability (*Loomis v Civetta Corinno Constr. Corp., supra*). Nor is delay in bringing the motion generally an acceptable ground for denial (*Barker v Goode,* 85 AD2d 922, 923). Plaintiff supplied an affidavit from the treating physician attesting to the permanency of the injuries and an affidavit explaining that the original figure was set by counsel after he had just been consulted and had not had an opportunity to investigate the case fully due to the imminent running of the Statute of Limitations on plaintiff's derivative action. Special Term properly denied leave to add a cause of action for products liability. Generally, leave to amend a

complaint to state an additional cause of action should be liberally granted (CPLR 3025, subd [b]) unless the proposed amended pleading is patently devoid of merit (*Taylor v Taylor,* 84 AD2d 947; see, also, *Probst v Albert Einstein Med. Center,* 82 AD2d 739; *Sharapata v Town of Islip,* 82 AD2d 350, 362). The infant plaintiff sustained an injury in school while conducting a science experiment described in the textbook published by defendant Charles E. Merrill Publishing Company. The experiment, designed to demonstrate pitch, employed a ruler and rubber band. During the course of the experiment the ruler was propelled into plaintiff's eye. Plaintiff now seeks to assert a claim in strict liability against the publisher for defective design and failure to warn. Special Term properly determined that the proposed amendment fails to state a cause of action. (Appeal from order of Supreme Court, Erie County, Kuszynski, J. — renew motion to amend *ad damnum* clause.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Moule, JJ. [109 Misc 2d 189.]