STANLEY COOLEY et al., Appellants, v CARTER-WALLACE INCORPORATED, Respondent, et al., Defendants.

Fourth Department, July 13, 1984

**APPEARANCES OF COUNSEL**

*Schepp & D'Addario* (*Francis R. D'Addario* of counsel), for appellants.

*Mackenzie, Smith, Lewis, Michell & Hughes* (*Catherine A. Gale* of counsel), for respondent.

**OPINION OF THE COURT**

GREEN, J.

The adequacy of the warning in a products liability case based on a failure to warn is, in all but the most unusual circumstances, a question of fact to be determined at trial. Special Term erred in this case finding the warning on the label of the product "Nair" adequate as a matter of law.

Plaintiff Stanley Cooley consulted a physician, defendant John N. Burgess, M.D. (not a party to this appeal), regarding a vasectomy. Dr. Burgess suggested that plaintiff use a depilatory cream such as "Nair" or "Neet" to shave his scrotum in preparation for surgery. Plaintiff then purchased a six ounce plastic container of "Nair" and applied the lotion on his scrotal area. The vasectomy was performed as scheduled, but shortly thereafter Mr. Cooley experienced a severe infection which eventually disintegrated his scrotum and caused a prolapse of his testicles. He was hospitalized for over a month and required reconstruction of his scrotum by application of a plastic mesh and a skin graft from his left thigh. Mr. Cooley alleged that as a result of using "Nair" he will have a permanent scar and hormonal deficiency and has suffered much pain, anxiety and embarrassment.

The back of the container of "Nair" included the following: "WARNING: IRRITATION OR ALLERGIC REACTION MAY OCCUR WITH SOME PEOPLE, EVEN AFTER PRIOR USE WITHOUT ADVERSE EFFECT. THEREFORE, TEST BEFORE EACH USE BY APPLYING NAIR ON A SMALL PART OF THE AREA WHERE HAIR IS TO BE REMOVED. FOLLOW DIRECTIONS AND WAIT 24 HOURS. IF SKIN APPEARS NORMAL, PROCEED. DO NOT USE ON IRRITATED, INFLAMED, OR BROKEN SKIN. KEEP AWAY FROM EYES. SHOULD NAIR TOUCH THE EYES, WASH THOROUGHLY WITH LUKEWARM WATER. RINSE WITH BORIC ACID SOLUTION AND IF IRRITATION OCCURS, CONSULT YOUR PHYSICIAN. KEEP OUT OF THE REACH OF CHILDREN. NAIR LOTION CAN BE USED ON LEGS, ARMS, FACE, ANYWHERE EXCEPT * * * EYES, NOSE, EARS OR ON BREAST NIPPLES, PERIANAL [sic] OR VAGINAL/GENITAL AREAS."

Mr. Cooley acknowledged at an examination before trial that he read this label and was concerned about the exception for "vaginal/genital areas."

Special Term, in a brief memorandum, found that the warning on the label was adequate as a matter of law because it was "clear, precise and specific" and observed that "[t]o ask anything further would be unreasonable." We disagree.

Whether brought under a negligence or strict tort liability theory, a products liability claim usually alleges a defect in either the manufacture, design or warning of a

product. Unlike the often highly technical design or manufacturing defect cases, warning cases usually center on a factual determination of whether an adequate warning was given. These factual determinations are often interwoven with the question of whether the defendant manufacturer has a duty to warn, and, if so, to whom that duty is owed.

Theoretically, a consumer buys a product after evaluating the risks in its use. But the consumer is not on an equal footing with the manufacturer who is in a unique position to know the specific risks involved. The imposition of the duty to give a warning of some kind involves a balancing test which weighs the seriousness of potential harm to the consumer against the costs to the manufacturer. Since the cost of providing warnings is often minimal, the balance usually weighs in favor of an obligation to warn. Once a warning is given, the focus shifts to the adequacy of the warning — the precise question before us on this appeal.

Many warning cases have involved prescription drugs (see, e.g., *Baker v St. Agnes Hosp.*, 70 AD2d 400 and cases cited therein; see, also, *Reyes v Wyeth Labs.*, 498 F2d 1264, 1275, cert den 419 US 1096; *Laturen v Bolten Drug Co.*, 188 NY 574; *Donigi v American Cyanamid Co.*, 57 AD2d 760, affd 43 NY2d 935). In fact, Special Term relied heavily on such a case from this court (*Wolfgruber v Upjohn Co.*, 72 AD2d 59, affd 52 NY2d 768). The drug cases are distinguishable, however, because the drug manufacturer's duty to warn is significantly different from that of other manufacturers' duty to warn. Unlike the ordinary consumer shopping in the marketplace, the patient does not freely choose his or her own medication. Often the patient will know very little about the drug prescribed by the doctor. Therefore, the manner of furnishing a warning for a drug to be marketed to the public differs from that which is feasible for ordinary consumer products (see *Wolfgruber v Upjohn Co., supra,* pp 60-61). The drug manufacturer has a duty to warn the prescribing physician, not the consumer patient. Indeed, this is an exception to the general rule that a manufacturer must warn users of the foreseeable dangers in its product (see Restatement, Torts 2d, § 402 A).

The peculiar facts involved in *Wolfgruber v Upjohn Co.* (*supra*) render that case particularly inapt here. There, plaintiff was a practicing physician for over 25 years. He prescribed the antibiotic Cleocin for himself. The defendant distributed the drug with package inserts warning of possible diarrhea and colitis, the precise malady plaintiff suffered after ingesting the drug during the course of self-treatment. Plaintiff conceded that he knew of the drug and in fact had prescribed it to 20 of his patients. Recognizing that "the extent of the required [drug] warnings or how they are to be disseminated has to date not been precisely formulated" and that "summary judgment or dismissal is uncommon in a negligerce suit", this court held that "the warning given was adequate by any standard and the plaintiff as a doctor knew the risks of taking this particular drug whose side effects were those specifically warned against as fully as defendant was able" (*Wolfgruber v Upjohn Co., supra,* pp 60, 62-63).

In sharp contrast, defendant in the instant case did not warn of the specific risks involved if "Nair" is applied to the genital area. The label stated only that "irritation or allergic reaction may occur with some people". There is no evidence in the record to ascertain whether defendant in fact knew, or should have known, of such dangers (see, e.g., *Baker v St. Agnes Hosp., supra*). Moreover, this court has been careful to confine the result in *Wolfgruber* (*supra*) to the unusual facts of that case (see *McFadden v Haritatos,* 86 AD2d 761).

The courts of this State have not yet formulated specific guidelines respecting the adequacy of a manufacturer's warning (see *Cover v Cohen,* 61 NY2d 261, 275-276). Rather, our courts have required only in the most general terms that "[w]arnings must clearly alert the user to avoid certain [unsafe] uses of the product which would appear to be normal and reasonable" (*Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 65), noting that "[t]he degree of danger is a crucial factor in determining the specificity required in a warning" (*supra,* p 65) and that to be adequate, the warnings must be commensurate with the risk involved in the ordinary use of the product (see *McLaughlin v Mine Safety Appliances Co.,* 11 NY2d 62, 69).

Other jurisdictions, however, have specifically addressed the issue of what constitutes an adequate warning. The adequacy of a warning depends on the nature of the product and the context in which it is used (see *Tucson Inds. v Schwartz,* 15 Ariz App 166, 172, vacated on other grounds 108 Ariz 464). An adequate warning or instruction is one that is understandable in content and conveys a fair indication of the nature and extent of the danger to a reasonably prudent person (see *Bituminous Cas. Corp. v Black & Decker Mfg. Co.,* 518 SW2d 868 [Tex]). The sufficiency of a warning is dependent upon both the language used and the impression that the language is calculated to make upon the mind of the average user of the product (see *Harless v Boyle-Midway Div., Amer. Home Prods.,* 594 F2d 1051, 1054).

There are several important considerations that directly affect the adequacy of a warning, including the location and conspicuousness of the warning and the method in which the warning is communicated to the ultimate user (see *Cover v Cohen, supra,* p 276). Of critical importance is whether the warning sufficiently conveys the risk of danger associated with the product and is qualitatively sufficient to impart the particular risk of harm (see *Berg v Underwood's Hair Adaption Process,* __ F Supp __ [decided April 18, 1984]; *Fiorentino v Staley Mfg. Co.,* 416 NE2d 998 [Mass]).

Likewise, a warning may be inadequate when the magnitude of the potential harm requires more. For example, in *Johnson v Husky Inds.* (536 F2d 645), a caution to use charcoal only in ventilated areas was inadequate to warn of the risk of burning charcoal indoors. In *Eddleman v Scalco* (484 SW2d 122 [Tex]), the word "flammable" affixed to a product was deemed inadequate when the real danger of the product was its explosive characteristics. In *Chappuis v Sears, Roebuck & Co.* (358 So 2d 926 [La]), a warning that a hammer face may chip if struck against another hammer, hardened nails or other hard objects, possibly resulting in eye or other bodily injury was insufficient without an additional warning that the hammer, once chipped, must be discarded. In *Little v PPG Inds.* (19 Wn App 812, affd as mod 92 Wn 2d 118), a label containing

the caution "vapor may be deadly" was deemed insufficient to convey the particular danger that may cause death.

As this court has recognized, "[s]pecific guidelines have not been formulated respecting the duty to warn * * * The generally accepted rule, however, is that the reasonableness *vel non* of a set of warnings is a question of fact for the jury" (*Lancaster Silo & Block Co. v Northern Propane Gas Co., supra,* pp 64-65). Cases from other jurisdictions are in accord (see, e.g., *Brownlee v Louisville Varnish Co.,* 641 F2d 397, 400 [warning affixed to aerosol paint can was inadequate in absence of instructions for safe disposal]; *Stapleton v Kawasaki Heavy Inds.,* 608 F2d 571, 573 [inadequate warning of potential fuel leakage in owner's manual]; *Murray v Wilson Oak Flooring Co.,* 475 F2d 129, 132-133 [warning not to use product near flame insufficient to warn of danger from pilot light behind a closed door]; *LeBouef v Goodyear Tire & Rubber Co.,* 451 F Supp 253, 257, affd 623 F2d 985 [warning that " 'continuous driving over 90 miles per hour' " requires using high-speed capability tires inadequate where manufacturer knew that tires were designed for maximum operating speed of 85 mph]; *Lopez v Aro Corp.,* 584 SW2d 333, 336 [Tex] [warning in operator's manual]; *Michael v Warner/Chilcott,* 91 NM 651, 655 [warning on package of sinus congestion tablets apprising user only that kidney infection may result is inadequate]; *Sabich v Outboard Mar. Corp.,* 131 Cal Rptr 703, 708 [warnings printed on dashboard of roadster insufficient to inform user of serious likelihood of overturning because of vehicle's weight distribution]; *Ebbert v Vulcan Iron Works,* 87 Ill App 3d 74, 76 [whether warning in field manual was sufficient or whether it should have been affixed to machine is question of fact]; *Wolfe v Ford Motor Co.,* 6 Mass App 346, 350-351 [fact issue whether owner's manual provided adequate portable camper vehicle weight requirements]; *Burch v Amsterdam Corp.,* 366 A2d 1079, 1087-1088 [DC] [warning to keep floor tile adhesive away from flame insufficient to warn user of danger of working near a pilot light]; *First Nat. Bank v Nor-Am Agric. Prods.,* 88 NM 74, 83 [fact question whether warning on tag and label accompanying liquid sold for disinfectant was adequate to alert of danger of

human consumption of hogs fed grain treated with disinfectant]; *Edwards v California Chem. Co.,* 245 So 2d 259, 265, cert den 247 So 2d 440 [Fla] [fact issue whether warning adequate where no instruction provided for safe use of lead arsenate]; *Reiger v Toby Enterprises,* 45 Ore App 679, 684 [fact issue concerning adequacy of warning on meat slicer]; *Spencer v Nelson Sales Co.,* 620 P2d 477, 482 [Okla] [fact issue whether insulated underwear unreasonably dangerous absent label warning as to its extreme flammability]).

Special Term erred, therefore, in holding that the label on the "Nair" container was adequate as a matter of law. The warning was such that a prospective user could fairly assume that any possible adverse effect of the product would be mild, whereas the product was actually capable of producing serious and permanent injury. Indeed, other language on the container indicated that the product was harmless. For example, on the front of the container it is represented that the lotion "leaves skin baby smooth" and on the back, just above the warning, a customer is encouraged to "go bare with Nair * * * in minutes — with baby oil * * * to smooth on soft and creamy, soft fragrance too". Had plaintiff been alerted to the possibility of enduring the severe injuries he sustained from use of what appeared to be an innocuous product used daily by many consumers, he may not have relied upon the recommendation of his doctor (see *Dougherty v Hooker Chem. Corp.,* 540 F2d 174, 181-182).

Where, as here, the theory of liability is the failure to adequately warn, negligence and strict liability are equivalent (see *Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 62, *supra*). The failure to warn is essentially a case of negligence and the drastic remedy of summary judgment is rarely granted since the very question of whether a defendant's conduct amounts to negligence is inherently a question for the trier of fact in all but the most egregious instances (see *Ugarriza v Schmieder,* 46 NY2d 471; *McFadden v Haritatos,* 86 AD2d 761, 762-763, *supra*). One issue of fact typically precluding summary judgment in failure to warn cases is whether the information in the warning is commensurate with the manufacturer's knowledge of the nature and extent of the dangers

from foreseeable use of its product (see *Baker v St. Agnes Hosp.*, 70 AD2d 400, *supra*). In the present case, there is a question of fact whether defendant knew of any customers who experienced injuries similar to plaintiff's and whether defendant was, or should have been, aware of such problems from independent testing or experiment prior to placing its product on the market or from knowledge gained from research, adverse reaction reports, scientific reports or some other source.

Moreover, we agree with plaintiff that the majority of the language on the label of the Nair container constitutes not a warning, but only directions for the proper use of the depilatory lotion. The directions merely suggest that a patch test be performed prior to full scale use of the product (see *D'Arienzo v Clairol, Inc.*, 125 NJ Super 224, 227). Mere directions for the proper use of a product which fail to warn of specific dangers and risks of harm if the directions are not followed may be inadequate (see *Bituminous Cas. Corp. v Black & Decker Mfg. Co.*, 518 SW2d 868, 873, *supra; Harris v Northwest Natural Gas Co.*, 284 Ore 571; *Hiigel v General Motors Corp.*, 190 Col 57; *Anderson v Heron Eng. Co.*, 198 Col 391; *Kerns v Engelke*, 54 Ill App 3d 323, affd as mod 76 Ill 2d 154; *Anderson v Klix Chem. Co.*, 256 Ore 199; see, also, Dillard & Hart, Product Liability: Directions for Use and the Duty to Warn, 41 Va L Rev 145).

On this record, it cannot be said as a matter of law that the warning given was "fully descriptive and complete" or that it was "adequate by any standard" (*Wolfgruber v Upjohn Co.*, 72 AD2d 59, 62, *supra*). Accordingly, the order appealed from should be reversed and the motion denied.

Moule, J. (dissenting). While the adequacy of a warning is usually a question of fact (see, e.g., *Lancaster Silo & Block Co. v Northern Propane Gas Co.*, 75 AD2d 55), the written warning on the bottle of "Nair" purchased by plaintiffs was "adequate by any standard" (*Wolfgruber v Upjohn Co.*, 72 AD2d 59, 62, affd 52 NY2d 768) and, hence, I would affirm the granting of summary judgment in favor of defendant.

The warning at issue clearly and unambiguously stated that the product was not to be used in genital areas. Plaintiffs admitted that they read the warning and even

stated that they became concerned over the plaintiff husband's intention to apply it to the proscribed area. Nonetheless, despite this clear proscription, they ultimately applied the product to his genitals. The warning "clearly alert[ed] the user to avoid certain uses of the product which would appear to be normal and reasonable" (*Lancaster Silo & Block Co. v Northern Propane Gas Co., supra,* p 65); plaintiffs simply chose to ignore it. "Where there are admissions, as here, which remove any fact issue, no warrant exists to deny defendant's motion for summary judgment" (*Wolfgruber v Upjohn Co., supra,* p 63).

Finally, the majority's reliance on *Wolfgruber* (*supra*) for the proposition that defendant's warning was insufficient as a matter of law because it failed to warn of the specific danger involved is misplaced. Even if *Wolfgruber* stands for the proposition that a manufacturer's duty to warn may only be satisfied by disclosing the potential ill effects associated with the intended and directed use of the product, plaintiffs' failure to use the product as intended and directed precludes recovery under this theory. To hold otherwise would impose an unreasonable burden on manufacturers by requiring them to enumerate every anticipated injury which could result from misuse of their product.

HANCOCK, JR., J. P., DOERR and DENMAN, JJ., concur with GREEN, J.; MOULE, J., dissents and votes to affirm in an opinion.

Order reversed, with costs, and motion denied.