■ DANIEL BELLING et al., Respondents, v HAUGH'S POOLS, LTD., et al., Appellants.—Order reversed, on the law, without costs, and defendants' motions for summary judgment granted. Memorandum: Plaintiff sustained serious injuries when he dove through an inner tube floating in the four-foot, above-ground swimming pool in a friend's yard. Plaintiff, who was 33 years old, 6-feet, 1-inch tall and 215 pounds at the time, was an experienced swimmer and familiar with above-ground pools including the pool in question, having been swimming in it for several hours on the day the accident occurred. Indeed, he had assisted the owner of the pool in its installation. He commenced this action on several theories of liability, principally products liability, claiming that defendants as the manufacturer and retailer failed to give adequate warnings of the dangers inherent in diving into a four-foot pool. Defendants moved for summary judgment arguing that plaintiff has offered no evidence that the pool was defectively designed or manufactured; that plaintiff was completely familiar with the pool; and that the proximate cause of the injury was plaintiff's own conduct in diving into water which was too shallow for him. The court denied the motion.

A manufacturer will be held liable under a theory of strict products liability where the product is defective and the defect may include a mistake in manufacturing, an improper design or the absence or inadequacy of warnings *(Sukljian v Ross & Son Co.,* 69 NY2d 89; *Robinson v Reed-Prentice Div.,* 49 NY2d 471, 478-479). Plaintiff must establish, of course, that the failure to warn was a proximate cause of the injury, i.e., "a substantial cause of the events which produced the injury" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Accordingly, there is no liability for failing to warn of obvious dangers, those that would be appreciated by the user to the same extent the warning would have provided (Prosser and Keeton, Torts, at 686 [5th ed]; *see, e.g., Smith v Stark,* 67 NY2d 693 [holding that plaintiff's injury was proximately caused by his own conduct in diving into shallow water and not by defendant's failure to provide depth markers]).

Other jurisdictions have addressed the proximate cause issue raised herein and have concluded that the manufacturer cannot be liable because "a warning would have merely informed him [plaintiff] of risks of which he was already aware" *(McCormick v Custom Pools,* 376 NW2d 471, 476 [Minn]; *see also, Hensley v Muskin Corp.,* 65 Mich App 662, 230 NW2d 362; *Benjamin v Deffet Rentals,* 66 Oh St 2d 86, 419 NE2d 883; *Colosimo v May Dept. Store Co.,* 466 F2d 1234; *see generally,* Ann., 6 ALR4th 492).

*Corbin v Coleco Indus.* (748 F2d 411), cited by the dissenter, is factually distinguishable. In *Corbin* (pp 417-418), the court noted that "even though people are generally aware of the danger of diving into shallow water, they believe that there is a safe way to do it, namely, by executing a flat, shallow dive" and thus whether the danger of attempting a flat, shallow dive was obvious was a question of fact. The court implicitly agreed that vertical dives, such as the one attempted by plaintiff herein, into four feet of water involved an open and obvious risk.

Although proximate cause is usually a question for the jury, where only one conclusion may be drawn from established facts, "the question of legal cause may be decided as a matter of law" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *supra).* This is such a case.

All concur, except Green, J., who dissents and votes to affirm, in the following memorandum.

Green, J. (dissenting). I must dissent. I cannot conclude, as a matter of law, that defendants had no duty to warn, or that

defendants' negligence was not a proximate cause of plaintiff's serious injuries. At the outset it is important to recall that "[t]he failure to warn is essentially a case of negligence and the drastic remedy of summary judgment is rarely granted since the very question of whether a defendant's conduct amounts to negligence is inherently a question for the trier of fact in all but the most egregious instances (see, *Ugarriza v Schmieder,* 46 NY2d 471; *McFadden v Haritatos,* 86 AD2d 761, 762-763)" *(Cooley v Carter-Wallace, Inc.,* 102 AD2d 642, 648).

Defendants maintain that they had no duty to warn plaintiff of the dangers in diving off a deck or ladder into the pool because the dangers are obvious. The obviousness of a danger or the discoverability of it upon inspection, however, does not militate against a duty to warn, but rather is one of many factors for the jury to take into account in assessing comparative fault *(see, Micallef v Miehle Co.,* 39 NY2d 376, 387; PJI 2:135; *see also, Schumacher v Richards Shear Co.,* 59 NY2d 239, 249; *cf. Campo v Scofield,* 301 NY 468). "[T]he imposition of the duty to give a warning of some kind involves a balancing test which weighs the seriousness of potential harm to the consumer against the costs to the manufacturer. Since the cost of providing warnings is often minimal, the balance usually weighs in favor of an obligation to warn" *(Cooley v Carter-Wallace, Inc., supra,* p 644).

This record reveals that defendants knew, or should have known, that similar dives into similar pools had resulted in over 100 quadriplegic injuries per year during the past 10 years. Plaintiff's claim is that had defendants adequately warned him of this danger, he would not have taken the dive into the pool. Plaintiff established that it was foreseeable to defendants that people will dive from decks and ladders into the pool. Indeed, the owner's manual, under the heading "Safety Hints for Pool Owners", cautions that the pool "contains large quantities of water, however, and is deep enough to present inherent dangers to life and health unless the following safety rules are strictly observed." One such rule is "Do not dive or permit diving or jumping into the pool from the deck or pool rail. Serious injuries can be caused by failure to strictly follow this rule." Moreover, plaintiff established that the defendant manufacturer provided small warning decals to the pool owner to be attached in an "appropriate place." There is then a question of fact precluding summary judgment whether the warnings given were adequate, giving due consideration to the fact that plaintiff was a nonowner of the pool who could not be expected to read the owner's

manual before using the pool *(Cooley v Carter-Wallace, Inc.,* 102 AD2d 642, *supra; see also, Cover v Cohen,* 61 NY2d 261, 275-277; *McLaughlin v Mine Safety Appliances Co.,* 11 NY2d 62, 69; *Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 64-65).

Assuming defendants breached their duty to warn, there also is an issue of fact whether defendants' negligence was the proximate cause of plaintiff's injuries. As the Court of Appeals stated in *Derdiarian v Felix Contr. Corp.* (51 NY2d 308, 315): "[b]ecause questions concerning what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve" *(see also, Arbegast v Board of Educ.,* 65 NY2d 161, 171). In opposition to the motion for summary judgment, plaintiff produced extensive evidence bearing on defendants' knowledge of the dangers in diving into shallow pools. Since varying inferences may be drawn from this evidence, questions of defendants' knowledge and foreseeability are issues of fact for the jury to resolve *(see, Derdiarian v Felix Contr. Corp., supra; Havas v Victory Paper Stock Co.,* 49 NY2d 381, 388; *Palsgraf v Long Is. R. R. Co.,* 248 NY 339; *see also,* Prosser and Keeton, Torts § 43, at 297-300; § 45, at 319-321 [5th ed]).

Two recent cases upon which defendants rely heavily *(Boltax v Joy Camp,* 67 NY2d 617; *Smith v Stark,* 67 NY2d 693), do not compel a contrary result. *Boltax* clearly is inapposite since the action was not against a manufacturer and the issue of inadequate warnings was not presented. Both cases involved a perpendicular dive into the shallow end of an in-ground pool following horseplay in which the injured plaintiff took an active part. In the instant case, plaintiff attempted a shallow dive into an above-ground pool with a uniform depth of water. Although swimmers may be aware of the general dangers of diving perpendicular into shallow water, they may also reasonably determine that a flat, shallow dive into four feet of water is not inherently dangerous or unsafe *(see, Corbin v Coleco Indus.,* 748 F2d 411, 417). Thus, plaintiff's dive in the instant case did not, as a matter of law, constitute such an unforeseeable superceding event as to absolve the defendants from all liability *(see, Searles v Town of Horicon,* 116 AD2d 93).

Accordingly, I would affirm Special Term's denial of defendants' motion for summary judgment and allow plaintiff his day in court. (Appeal from order of Supreme Court, Niagara

County, Cook, J.—summary judgment.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.