torts do not come within the exclusive remedy provision of Workers' Compensation Law *(Burlew v American Mut. Ins. Co.,* 63 NY2d 412, 417). (Appeals from order of Supreme Court, Erie County, Ricotta, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Pine and Davis, JJ.

■ Douglas McCuen et al., Appellants, v M. J. Peterson, Respondent.—Order affirmed without costs *(see, Richman v Albert,* 127 AD2d 992). All concur, Denman, J., not participating. (Appeal from order of Supreme Court, Erie County, Wolf, J.—dismiss causes of action; summary judgment.) Present—Callahan, J. P., Denman, Green, Pine and Davis, JJ.

■ In the Matter of the Guardianship of Duane R., an Infant. (Appeal No. 1.)—Decree unanimously affirmed without costs for reasons stated in decision at Monroe County Surrogate's Court, Ciaccio, S. (Appeal from decree of Monroe County Surrogate's Court, Ciaccio, S.—guardianship.) Present —Callahan, J. P., Denman, Green, Pine and Davis, JJ.

■ In the Matter of the Adoption of Duane R., an Infant. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: In view of the adverse determination of his petition for guardianship of the person of Duane R. *(see, Matter of Duane R.* [appeal No. 1] 134 AD2d 842), respondent Richard J. has no standing to contest the adoption of Duane R. by petitioner Alice R., since respondent is not a person "having lawful custody of the adoptive child" (Domestic Relations Law § 111 [1] [f]). (Appeal from order of Erie County Surrogate's Court, Mattina, S.—adoption.) Present—Callahan, J. P., Denman, Green, Pine and Davis, JJ.

■ In the Matter of the Adoption of Duane R., an Infant. (Appeal No. 3.)—Order unanimously affirmed without costs. Same memorandum as in *Matter of Duane R.* ([appeal No. 2] 134 AD2d 842 [decided herewith]). (Appeal from order of Erie County Surrogate's Court, Mattina, S.—adoption.) Present—Callahan, J. P., Denman, Green, Pine and Davis, JJ.

■ Ronald Manning, Appellant, v Raymond Manning et al., Respondents. (Appeal No. 1.)—Order affirmed without costs *(see, Belling v Haugh's Pools,* 126 AD2d 958, *lv denied* 70 NY2d 602). Green, Pine and Davis, JJ., concur. Callahan, J. P., and Denman, J., concur on constraint of *Howard v Poseidon Pools* ([appeal No. 1] 134 AD2d 926 [decided herewith]). (Appeal from order of Supreme Court, Chautauqua County,

Francis, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Pine and Davis, JJ.

■ RONALD MANNING, Appellant, v RAYMOND MANNING et al., Respondents. (Appeal No. 2.)—Order affirmed without costs (see, Belling v Haugh's Pools, 126 AD2d 958, lv denied 70 NY2d 602). Green, Pine and Davis, JJ., concur. Callahan, J. P., and Denman, J., concur on constraint of Howard v Poseidon Pools ([appeal No. 1] 134 AD2d 926 [decided herewith]). (Appeal from order of Supreme Court, Chautauqua County, Francis, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Pine and Davis, JJ.

■ In the Matter of FEDERICO PEART, Petitioner, v WALTER KELLY, as Superintendent of Attica Correctional Facility.— Determination unanimously confirmed and petition dismissed. Memorandum: An inmate who speaks only Spanish is entitled to select a Spanish-speaking employee assistant so that the nature of disciplinary charges may be explained and the inmate can communicate his requests for witnesses or other evidence (7 NYCRR 251-4.1; Matter of Rivera v Smith, 110 AD2d 1043). Although petitioner's native language is Spanish, prison officials correctly determined that he was conversant in English and did not require a bilingual assistant. Accordingly, petitioner's failure to select an assistant from the general list and his decision to proceed without an assistant was a circumstance of his own creation and did not amount to a deprivation of due process (see, Matter of Law v Racette, 120 AD2d 846; Matter of Newman v Coughlin, 110 AD2d 981, 983).

Petitioner's remaining claim that the determination was not supported by substantial evidence lacks merit. (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Dadd, J.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.

■ In the Matter of LAMONT BIRDEN, Appellant, v DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents.—Judgment unanimously reversed on the law and matter remitted to Supreme Court, Cayuga County, for further proceedings, in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding for an order compelling respondents to recompute his jail-time credits and award him 232 days of credit. At issue is time spent in jail in Onondaga County before he was released on bail and time spent in confinement in New Jersey pursuant to a New York detainer warrant. We conclude that petitioner sufficiently