■ RONALD MANNING, Appellant, v RAYMOND MANNING et al., Respondents. (Appeal No. 2.)—Order affirmed without costs *(see, Belling v Haugh's Pools,* 126 AD2d 958, *lv denied* 70 NY2d 602). Green, Pine and Davis, JJ., concur. Callahan, J. P., and Denman, J., concur on constraint of *Howard v Poseidon Pools* ([appeal No. 1] 134 AD2d 926 [decided herewith]). (Appeal from order of Supreme Court, Chautauqua County, Francis, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Pine and Davis, JJ.

■ In the Matter of FEDERICO PEART, Petitioner, v WALTER KELLY, as Superintendent of Attica Correctional Facility.— Determination unanimously confirmed and petition dismissed. Memorandum: An inmate who speaks only Spanish is entitled to select a Spanish-speaking employee assistant so that the nature of disciplinary charges may be explained and the inmate can communicate his requests for witnesses or other evidence (7 NYCRR 251-4.1; *Matter of Rivera v Smith,* 110 AD2d 1043). Although petitioner's native language is Spanish, prison officials correctly determined that he was conversant in English and did not require a bilingual assistant. Accordingly, petitioner's failure to select an assistant from the general list and his decision to proceed without an assistant was a circumstance of his own creation and did not amount to a deprivation of due process *(see, Matter of Law v Racette,* 120 AD2d 846; *Matter of Newman v Coughlin,* 110 AD2d 981, 983).

Petitioner's remaining claim that the determination was not supported by substantial evidence lacks merit. (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Dadd, J.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.