■ BRENT HOWARD et al., Respondents, v POSEIDON POOLS, INC., et al., Defendants, and S & V POOLS, INC., Trading as POSEIDON POOLS, INC., et al., Appellants. (Appeal No. 1.)— Order reversed on the law without costs and appellants' motions granted. Memorandum: Plaintiff, who was 28 years old, 6 feet, 3 inches tall and an experienced swimmer familiar with this above-ground pool, sustained serious injuries when he dove through an inner tube that had been placed some eight feet from the deck. He had been swimming in the pool for several hours before the accident, knew the water was only four feet deep, and testified at an examination before trial that he was aware of the dangers of injury that might result from diving into shallow water. This action was commenced on several theories of liability, claiming that the defendants failed to give adequate warning of the dangers of diving into a four-foot pool.

The court granted the motion by defendant National Spa and Pool Institute for summary judgment dismissing the complaint against it upon the ground that said defendant owed no duty to plaintiff to warn of any danger *(see, Howard v Poseidon Pools, 133 Misc 2d 50)*. We affirm that determination. The court's denial of summary judgment in favor of the other defendants was in error and as to them, must be reversed. In all material respects, this case is factually indistinguishable from *Belling v Haugh's Pools* (126 AD2d 958, *lv denied* 70 NY2d 602, *rearg dismissed* 70 NY2d 748), and we conclude that the appellants' motion for summary judgment of dismissal should have been granted for the reasons set forth in *Belling.*

The court abused its discretion by granting plaintiffs leave to amend their complaint to assert a private cause of action under the Consumer Product Safety Act (15 USC § 2072 [a]) for a violation of reporting rules promulgated by the Consumer Product Safety Commission *(see,* 16 CFR 1115.4, 1115.10). Assuming, arguendo, that a private cause of action exists based upon a violation of the rules *(see, Drake v Honeywell, Inc.,* 797 F2d 603 [8th Cir 1986], holding that such a cause of action does not exist), plaintiff Brent Howard was not injured "by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule * * * issued by the Commission" (15 USC § 2072 [a]). Any failure to warn or failure to report the lack of a warning was not a proximate cause of plaintiff's injuries *(Belling v Haugh's Pools,* 126 AD2d 958, *supra).* The court's grant of leave to amend *(see, Howard v Poseidon Pools,* 133 Misc 2d 43) is reversed as the proposed amendment was patently without merit *(Walter v Bauer,* 88 AD2d 787).

Boomer and Balio, JJ., concur; Green, J., concurs on constraint of *Belling v Haugh's Pools* (126 AD2d 958, *lv denied* 70 NY2d 602, *rearg dismissed* 70 NY2d 748); Callahan, J. P., and Denman, J., dissent and vote to affirm, in the following memorandum.

Callahan, J. P., and Denman, J. (dissenting). We respectfully dissent as, in our view, *Belling v Haugh's Pools* (126 AD2d 958), relied upon by the majority, was wrongly decided. We agree with the views expressed by Justice Green in his dissent therein.

As Justice Green there noted, the adequacy of a warning in a products liability case which is based on a failure to warn is, in all but the most unusual circumstances, a question of fact to be determined at trial *(see, Cooley v Carter-Wallace Inc.,* 102 AD2d 642). "The imposition of the duty to give a warning of some kind involves a balancing test which weighs the seriousness of potential harm to the consumer against the costs to the manufacturer. Since the cost of providing warnings is often minimal, the balance usually weighs in favor of an obligation to warn." *(Cooley v Carter-Wallace Inc., supra,* at 644.)

Here defendants were aware that hundreds of persons have sustained quadriplegic and paraplegic injuries as the result of diving into similar pools. Whether such knowledge gives rise to a duty to warn and, if so, the scope of that duty is an issue to be determined by a fact finder. The fact that plaintiff knew

that the pool was only four feet deep bears on his comparative negligence but, in our view, does not as a matter of law absolve defendants of any duty to warn of the foreseeable risk of diving into this type of pool. The obviousness of the danger is a factor to be weighed in the ultimate determination but should not prevent plaintiff from establishing his case *(see, Micallef v Miehle Co.,* 39 NY2d 376, 387). (Appeal from order of Supreme Court, Allegany County, Horey, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.