■ JULIA KRIZ, Respondent-Appellant, v DAVID SCHUM et al., Respondents, and CLOVER HOME LEISURE CENTERS, INC., Formerly Known as CLOVER POOL SUPPLY CO., INC., Appellant-Respondent, et al., Defendant.—Order modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff, an experienced swimmer generally familiar with diving techniques, was rendered a quadriplegic following a dive into an above-ground swimming pool. Prior to this dive, plaintiff was aware that the water was 4 to 5 feet deep and knew that a friend of her sister had been paralyzed following a dive into shallow water. She nevertheless went down an aqua slide, dove head first through an inner tube without touching or moving the tube, and entered the water with "very little splash." These undisputed facts regarding plaintiff's conduct are materially indistinguishable

from the facts in *Howard v Poseidon Pools* (72 NY2d 972, *affg* 134 AD2d 926) and *Belling v Haugh's Pools* (126 AD2d 958, *lv denied* 70 NY2d 602, *rearg dismissed* 70 NY2d 748), and Special Term erred in denying the motion of Clover Homes Leisure Centers, Inc. for summary judgment.

All concur, except Lawton and Davis, JJ., who dissent and vote to modify in the following memorandum.

Lawton and Davis, JJ. (dissenting). We respectfully dissent. There are substantial differences that distinguish this case from *Howard v Poseidon Pools* (72 NY2d 972) sufficient to warrant a denial of the drastic remedy of summary dismissal of plaintiff's complaint. By making a vertical dive in the shallow end of the pool, plaintiff in that case was not using the pool in the manner for which it was reasonably intended. The proof in that case also established that the plaintiff knew of the dangers associated with such conduct. In this case, however, plaintiff was using the slide in an intended manner. The president of the company which manufactured the slide testified that it is not at all uncommon for a user to slide into the water head first, as the plaintiff was doing, and that the slides were designed with that fact in mind. Indeed, advertisements of such pool chutes depict people doing what plaintiff was doing at the time of injury. Plaintiff's expert, however, opined that if one slides down the chute head first and tilts one's hands downward, the effect is that a safe slide is turned into a dangerous dive. The potential danger is not common knowledge and no safety warnings in this regard were provided to unsuspecting users. Unlike the plaintiff in *Howard,* plaintiff herein did not testify that she knew that what she was doing was dangerous. The slide manufacturer knew this particular danger existed and distributed safety warnings to its retailer, but defendant Clover Pools did not distribute those warnings to its customers. We therefore believe that questions of fact exist that require a trial.

Because there was testimony that the defendant owners of the slide and their daughter, who was present at the time of the accident, were aware of the danger associated with such use of the slide, the complaint should not have been dismissed as against them. The order should, therefore, be modified to deny defendants' motions for summary judgment. (Appeals from order of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.