■ JACK PORTER et al., Respondents, v CITY OF PEEKSKILL,

Appellant, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendant City of Peekskill appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), entered January 26, 1989, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff Jack Porter was rendered a virtual quadriplegic as a result of diving from a water slide into the shallow end of the Peekskill Veterans Memorial Pool in Depew Park, Peekskill. The issue presented on this appeal is whether the record establishes that the plaintiff's conduct was reckless as a matter of law.

The Court of Appeals recently held, on a similar set of facts, that summary judgment is only appropriate when the record eliminates any legal cause other than the reckless conduct of the plaintiff and when, despite the defendant's negligence, the reckless conduct of the plaintiff was an unforeseeable superseding event sufficient to break the causal chain and absolve the defendant of liability *(Denkensohn v Davenport,* 75 NY2d 25). That court, in affirming the denial of the defendants' motion for summary judgment, distinguished *Denkensohn* from *Boltax v Joy Day Camp* (67 NY2d 617). In *Denkensohn,* unlike *Boltax,* a jury could have found that the plaintiff's dive was not reckless because she did not know the depth of the water into which she dove.

Similarly, the record on this appeal does not demonstrate that the injured plaintiff was actually aware of the depth of the water into which he dove. In fact, at his examination before trial, the injured plaintiff testified that he did not know the depth of the water at the end of the pool where the water slide was located. Additionally, the pool area was poorly lit and the injured plaintiff had never been in the pool before. Thus, the record does not establish that the injured plaintiff's conduct was reckless as a matter of law, and the defendant City of Peekskill's motion for summary judgment was properly denied. Mangano, P. J., Brown, Kooper and Harwood, JJ., concur.