■ GREGORY JODKO, Appellant, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court,

Kings County (Hutcherson, J.), dated August 2, 1988, which granted the defendant's motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff was injured when he dove into a pool which was owned, operated and maintained by the defendant City of New York. He alleges that the city is liable for his injuries because the pool in question was designed and maintained so as to appear deeper than it actually was, and because the city failed to take reasonable steps in order to warn the public that the pool was not as deep as it seemed.

The defendant city made a motion for summary judgment on the ground that any alleged negligence on its part was not a proximate cause of the accident. Relying on the decisions of the Court of Appeals in *Boltax v Joy Day Camp* (67 NY2d 617) and *Smith v Stark* (67 NY2d 693), the city argued that, as a matter of law, a pool owner has no liability where "the plaintiff knew or should have known of the risks and the foreseeable consequences of his reckless acts". The Supreme Court, accepting this argument, granted the city's motion for summary judgment. We reverse.

The city did not produce any evidence that the plaintiff actually knew of the depth of the water into which he dove, nor did it produce evidence sufficient to justify a conclusion that, as a matter of law, a reasonable person in the plaintiff's position should have known of the depth of the water at the location of his dive. Under these circumstances, summary judgment is not warranted *(see, Ziecker v Town of Orchard Park,* 75 NY2d 761, 762; *Denkensohn v Davenport,* 75 NY2d 25; *Kriz v Schum,* 75 NY2d 25; *Porter v City of Peekskill,* 161 AD2d 569; *cf., Howard v Poseidon Pools,* 72 NY2d 972; *Manning v Manning,* 72 NY2d 972). Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.