■ GEORGE SILVERMAN, Respondent, v PATRICIA ZEBERSKY et al., Appellants, et al., Defendant. (And a Third-Party Ac-

tion.)—In an action to recover damages for personal injuries, the defendants Patricia Zebersky, Fritzman Pools, Inc., Heldor Industries, Inc., and Heldor/Seablue separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated July 7, 1989, as denied their respective motions for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff was rendered a quadraplegic when he dove into a pool which was installed by the defendant Fritzman Pools, Inc., on property owned by the defendant Patricia Zebersky. The defendants Heldor Industries and Heldor/Seablue supplied the liner for the pool.

Summary judgment is appropriate in negligence actions arising out of diving accidents occurring in swimming pools when the record eliminates any legal cause other than the reckless conduct of the plaintiff and when, despite the defendant's negligence, the reckless conduct of the plaintiff was an unforeseeable superseding event sufficient to break the causal chain and absolve the defendant of liability (see, *Kriz v Schum,* 75 NY2d 25; *Porter v City of Peekskill,* 161 AD2d 569). Although he was aware of the various water levels in the pool, the plaintiff testified at his examination before trial that he dove into the deep end of the pool from a position adjacent to the diving board. Therefore, we cannot says as a matter of law, that the plaintiff's conduct was reckless. Moreover, there are triable issues of fact as to whether the pool, as designed and installed, was safe for diving, and whether the liner created a dangerous illusion of depth. Sullivan, J. P., Eiber and O'Brien, JJ., concur.

Balletta, J., dissents, and votes to modify the order appealed from, on the law, by deleting the provision thereof which denied the motion of Heldor Industries, Inc., and Heldor/Seablue for summary judgment dismissing the complaint insofar as it is asserted against them, and substituting therefor a provision granting that motion and severing the action against the remaining defendants, with the following memorandum: While I agree for the most part with the decision of my esteemed colleagues, I would, however, dismiss the complaint as against the defendants Heldor Industries, Inc. and Heldor/Seablue. Even *if* we were to assume that the pool liner manufactured and supplied by those defendants was somewhat defective, there is insufficient evidence in the record to

support a finding that any alleged defect was a proximate cause of the plaintiff's injuries. The record indicates that although the plans for the pool did not include a diving board, one was supplied by the defendant Fritzman Pools, Inc., and installed at the direction of the defendant Zebersky's husband. The record further indicates that the pool itself was installed in such a fashion that its depth was actually shallower than the designs called for. Moreover, the pool had not yet been completed at the time of the accident, nor had a certificate of occupancy yet been issued. Finally, it also appears that the plaintiff, a reasonably intelligent adult, had used the pool on at least four occasions prior to the accident.

Accordingly, under the circumstances of this case, I am of the opinion that there is no conduct by Heldor Industries, Inc., and Heldor/Seablue which could constitute a basis for liability *(see, Amatulli v Delhi Constr. Corp.,* 77 NY2d 525; *McClusky v Gary Pools Sales & Servs.,* 158 AD2d 1006; *Belling v Haugh's Pools,* 126 AD2d 958).