■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT PAGE, Appellant. [610 NYS2d 920] —Judgment unanimously affirmed *(see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Erie County Court, Drury, J.—Burglary, 3rd Degree.) Present— Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.

■ In the Matter of DARRELL WALKER, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, Respondent. [609 NYS2d 471] — Determination unanimously confirmed and petition dismissed. Memorandum: We reject the contention that respondent's failure to provide petitioner with employee assistance at his disciplinary hearing violated respondent's rules and regulations and deprived him of due process of law *(cf., Matter of Burke v Coughlin,* 97 AD2d 862). Petitioner waived his right to an employee assistant by refusing to sign an employee assistant selection form. The failure to select an assistant and proceed without one "was a circumstance of [petitioner's] own creation and did not amount to a deprivation of due process" *(Matter of Bates v Kelly,* 152 AD2d 1009; *see also, Matter of Peart v Kelly,* 134 AD2d 843, *lv denied* 71 NY2d 801).

The determination of guilt on all charges contained in the two misbehavior reports is supported by substantial evidence *(see, People ex rel. Vega v Smith,* 66 NY2d 130, 139). (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.