■ HAROLD C. FREDERICK, Appellant, v NIAGARA MACHINE & TOOL WORKS, Respondent-Appellant and Third-Party Plaintiff. MCGRAW EDISON COMPANY, Third-Party Defendant-Respondent. — Judgment unanimously modified by reinstating plaintiff's first and fourth causes of action and the third-party action and granting a new trial on said causes of action and otherwise judgment affirmed, with costs to plaintiff. Memorandum: Plaintiff's complaint alleges causes of action in negligence, breach of implied and express warranty and strict liability against Niagara Machine & Tool Works (Niagara). Niagara brought a third-party action against McGraw Edison (McGraw), plaintiff's employer, seeking indemnification. At the close of plaintiff's proof, the court, without objection, dismissed the warranty claims and reserved decision on the remaining causes of action. At the conclusion of the trial the court granted Niagara's motion to dismiss the negligence and strict products liability causes of action. The court also dismissed the cause of action for punitive damages and the third-party action.

During trial and in its brief on appeal, plaintiff argued that the punch press manufactured by Niagara was not reasonably safe because of a failure to warn users of dangers associated with the press and that the machine was defectively designed and manufactured. At oral argument, plaintiff abandoned his defective design theory. Also, the issue of punitive damages has not been briefed or argued on appeal. The record discloses that the

punch press was sold without dies and without point of operation guards. Since the machine was not ready for its intended use until the dies were installed, plaintiff properly conceded that this was not a design defect case (see *Ashe v Niagara Mach. & Tool Works,* 60 AD2d 616).

Niagara may be liable to plaintiff, however, for failure to warn of the dangers of the press double tripping. There is little difference between a failure to warn cause of action sounding in negligence and one sounding in strict products liability (*Cooley v Carter-Wallace, Inc.,* 102 AD2d 642, 648; *Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 63-64; *Wolfgruber v Upjohn Co.,* 72 AD2d 59, affd 52 NY2d 768). "The adequacy of the warning in a products liability case based on a failure to warn is, in all but the most unusual circumstances, a question of fact to be determined at trial" (*Cooley v Carter-Wallace, Inc., supra,* p 642). The nature of the warning and to whom it should be given depend upon a number of factors including the harm that may result from use of the product without the warnings, the reliability and adverse interest of the person to whom the notice is given, the kind of product involved and the burden in disseminating the warning (*Cover v Cohen,* 61 NY2d 261, 276). The danger presented here was that the press would recycle unintentionally and injure the hands of an operator who had not activated the machine. This danger was not obvious as a matter of law (*Jiminez v Dreis & Krump Mfg. Co.,* 736 F2d 51, 55; *Gordon v Niagara Mach. & Tool Works,* 574 F2d 1182, 1186). Therefore, the type of notice required under the circumstances, the obviousness of the danger and the extent of plaintiff's knowledge of the danger are issues appropriate for resolution by the jury. Likewise, the question of plaintiff's contributory negligence presents a question of fact. Plaintiff testified that his hand was crushed when the press double tripped. Whether reaching into the die area or accidentally striking the start button (if the jury finds that that is what occurred) constituted contributory negligence should be for the jury to resolve. There was nothing in plaintiff's testimony which was so improbable, contradictory or culpable as would establish his contributory negligence as a matter of law (cf. *Bank of U. S. v Manheim,* 264 NY 45; *Soma v Handrulis,* 252 App Div 332, revd on other grounds 277 NY 223). (Appeals from judgment of Supreme Court, Cattaraugus County, Newman, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.