■ PHILIP SAWYER, Respondent, v DREIS & KRUMP MANUFACTURING Co., Appellant-Respondent and Third-Party Plaintiff. CAMBRIDGE FILTER CORPORATION, Third-Party Defendant-Respondent-Appellant.—Judgment unanimously affirmed, with costs to plaintiff. Memorandum: Plaintiff's left hand was

crushed in a press brake machine manufactured by defendant Dreis & Krump Manufacturing Co. and owned by plaintiff's employer, Cambridge Filter Corp., the third-party defendant. The jury found in favor of plaintiff based on design defect and failure to warn, and found that the third-party defendant was liable to defendant for half the damages based on Labor Law violations. Defendant and third-party defendant appeal. We affirm.

The injury occurred when plaintiff was using the machine to bend a piece of metal and the piece began to slip out the back of the machine as the ram was descending. Both experts agreed that plaintiff, as a reflex action, reached out to grab the piece and thereby got his hand caught. The piece plaintiff was working on protruded from where the dies meet by only one half to one inch. Plaintiff recalled going behind the machine to set the stops but had no further memory of the accident. Plaintiff's foreman testified that he heard the metal fall and raised the ram to extract plaintiff's hand. The piece of metal plaintiff had been working on was hanging out the back of the machine.

Plaintiff produced expert testimony at trial to establish that various safety devices could have been employed to prevent the injury, particularly a hand pull-back restraint, which, under New York regulations (12 NYCRR 19.9), would permit plaintiff's hands to come within no more than three inches of the point of operation. This device, which would have necessitated the use of hand tools, would have guarded against just the type of reflex action that caused plaintiff's injuries. The jury could properly find that the manufacturer's failure to warn the purchaser, i.e., plaintiff's employer, of the need for this or other safety devices could render defendant liable in strict products liability (*Cover v Cohen*, 61 NY2d 261, 274-277; *Frederick v Niagara Mach. & Tool Works*, 107 AD2d 1063, 1064). That the manufacturer mailed an ANSI (American National Standards Institute) booklet in a box of replacement parts and published a brochure (which was not admitted into evidence) does not mandate an opposite conclusion, because the adequacy of warnings is a question of fact for the jury (*Frederick v Niagara Mach. & Tool Works, supra; Cooley v Carter-Wallace, Inc.*, 102 AD2d 642).

Defendant's argument that the court's charge of amnesia requires a reversal is without merit. Experts for both parties were in general agreement as to how the accident happened making the issue of amnesia inconsequential.

Nor did the court err by refusing to charge that plaintiff's

failure to follow the ANSI standards would be some evidence of negligence. We observe that the booklet only sets forth innocuous directions to the employee to perform the work in a safe manner and to take various steps which have no applicability to this lawsuit, such as checking the controls, die setup and gauges, inspecting the work area for foreign objects, using proper work supports for heavy pieces, and wearing proper protective equipment.

We have reviewed the other claims of error and find them to be without merit. (Appeals from judgment of Supreme Court, Oswego County, Reagan, J.—products liability.) Present —Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.