■ RICKY J. CARBONE, Respondent, v ROSELENA M. VISCO et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: Special Term properly denied defendants' motion for summary judgment to dismiss the complaint holding that the Insurance Law does not require that an injured motorcyclist sustain a "serious injury" as a prerequisite for recovery for noneconomic loss resulting from a collision with a motor vehicle owned by defendant Noemi Visco and driven by defendant Roselena Visco.

An injured motorcyclist is not a "covered person" as defined in Insurance Law § 5102 (j). Consequently, he is not entitled to first-party benefits under the statute (Insurance Law § 5103 [a] [1]). While a motorcyclist is required to maintain liability insurance under the financial security provisions of the Insurance Law, first-party benefits under such policy run only to pedestrians since the statute provides for first-party benefits to persons "other than the occupants of such motorcycle, another motorcycle, or any motor vehicle, for loss arising out of the use or operation of the motorcycle" (Insurance Law § 5103 [f]).

While plaintiff's status as a noncovered person deprives him of the right to recover first-party benefits under the Insurance Law, he nonetheless is entitled to pursue his common-law remedies in an action against defendants as owner and operator of a motor vehicle involved in the accident. Under these circumstances, he is not required to comply with the "serious injury" provision of Insurance Law § 5104. (Appeal from order of Supreme Court, Onondaga County, Stone, J.—summary

judgment.) Present—Hancock, Jr., J. P., Doerr, Boomer, Green and O'Donnell, JJ.