■ FRANCES RINALDO, as Administratrix of the Estate of BRIAN RINALDO, Deceased, Respondent, v DONALD McCORMICK, et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court (Torraca, J.), entered June 2, 1987 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff is the mother and administratrix of the estate of her son, Brian Rinaldo, who died as the result of injuries sustained in a motorcycle accident on July 27, 1982. In this action, plaintiff seeks to recover compensatory damages against defendant Allstate Insurance Company and its authorized agent, defendant Donald McCormick, on the basis of fraudulent and negligent misrepresentation. Specifically, plaintiff contends that on April 21, 1982 and other occasions, McCormick made false and/or negligent representations to her and decedent that the policy of insurance he procured through an assigned risk carrier, Merchants Mutual Insurance Company, insuring both a 1976 Subaru automobile and a 1978 Kawasaki motorcycle, provided for medical, funeral and death benefits for the operator and collision coverage for the motorcycle, in addition to other coverages. It is undisputed that the Merchants policy did not, in fact, provide such coverage. Merchants' refusal to honor plaintiff's claim for medical and funeral expenses, death benefits and collision coverage precipitated this action. Finding that triable factual issues were present, Supreme Court denied defendants' motion for summary judgment, giving rise to this appeal.

Because the insurance policy was issued by Merchants through the assigned risk plan *(see,* Insurance Law art 53), defendants contend that no cause of action exists against them and that plaintiff has sued the wrong parties. They argue that since decedent was in the assigned risk pool, McCormick could not, by law, issue an Allstate policy, unless by coincidence Allstate became the assigned risk carrier. As such, defendants conclude that neither of them were responsible for the actual

coverage provided by Merchants. Defendants further emphasize that medical, hospital and death benefits are by law "no-fault benefits" (Insurance Law § 5102), excluded from motorcycle policies (Insurance Law § 5103 [a] [1]; *see, Carbone v Visco,* 115 AD2d 948).

Plaintiff acknowledges that no-fault coverage is not available for operators of motorcycles in this State. The essence of her claim, however, is not that such coverage was available, but that McCormick falsely and negligently misrepresented that no-fault benefits and collision coverage were procured through the Merchants policy. Additionally, plaintiff maintains that she was misled by the face sheet of the policy which, *inter alia,* referred to a "personal injury protection plan". In his examination before trial and affidavit in support of defendants' summary judgment motion, McCormick directly refuted that any such misrepresentations were made. He expressly averred that plaintiff was informed that no-fault coverage would not be available for the motorcycle and that she declined to pay for collision.

In our view, the complaint and affidavits presented by plaintiff contain allegations which, if proven at trial, are sufficient to support causes of action for either fraudulent or negligent misrepresentation *(see, Black v Chittenden,* 69 NY2d 665, 668; *Island Cycle Sales v Khlopin,* 126 AD2d 516, 518; *Hutchins v Utica Mut. Ins. Co.,* 107 AD2d 871). The divergent positions taken by plaintiff and McCormick simply pose a credibility dispute for a jury to resolve *(see, Hutchins v Utica Mut. Ins. Co., supra,* at 872). Since McCormick participated in this transaction as an authorized agent and purported employee of Allstate, the latter could be held vicariously liable under the doctrine of respondeat superior *(see, Riviello v Waldron,* 47 NY2d 297, 302).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.