PHILLIP J. PETERS, Appellant, v FRONTIER HOT-DIP GALVANIZING, INC., Respondent. [635 NYS2d 904] —Order and judgment unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Plaintiff was injured when a metal strap that secured a bundled load of galvanized construction grates that plaintiff was unloading broke, causing the grates to fall and strike plaintiff. Plaintiff commenced this action seeking to recover damages for personal injuries he sustained, alleging that defendant negligently packaged the grates. After issue was joined and discovery was conducted, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and dismissed the complaint.

We reverse. Defendant failed to meet its initial burden of demonstrating entitlement to judgment in its favor as a matter of law by the submission of evidentiary proof in admissible form *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Defendant's assertion that plaintiff has the burden of proving that defendant was negligent confuses plaintiff's burden at trial with the burden of a movant to demonstrate entitlement to summary judgment. Therefore, because defendant's submission was insufficient to demonstrate entitlement to judgment as a matter of law, the burden never shifted to plaintiff to demonstrate the existence of material issues of fact that require a trial of the action *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). (Appeal from Order and Judgment of Supreme Court, Erie County, Whelan, J.—Negligence.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.