■ FRIEDMUT X. SCHNEIDER et al., Appellants, v VERSON ALLSTEEL PRESS CO., a Division of ALLIED PRODUCTS CORPORATION, Respondent. [653 NYS2d 881] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting in its entirety the motion of defendant, Verson Allsteel Press Co. (Verson), for summary judgment dismissing the complaint. Friedmut X. Schneider (plaintiff) had two fingers amputated when a 300-ton press manufactured by Verson cycled while plaintiff's hand was inside the die space. We agree with plaintiff that the affidavit of an expert, a professor of mechanical engineering, is sufficient to raise a triable issue of fact whether the press was defective when manufactured because it did not have protective guards around the die space (*see, Lamey v Foley,* 188 AD2d 157, 168). We further conclude that a triable issue of fact exists whether subsequent alterations to the machine made by plaintiff's employer, third-party defendant Harrison Radiator Div. of General Motors Corp., rather than the lack of protective guards, were the proximate cause of plaintiff's injuries (*see, Smith v Minster Mach. Co.,* 233 AD2d 892; *Lamey v Foley, supra,* at 168). Finally, whether the action of plaintiff in placing his hand inside the die area was a superseding cause of his injuries presents a question for the jury (*see, Lamey v Foley, supra,* at 169).

Thus, we modify the order by denying in part the motion of Verson for summary judgment and reinstating that part of the complaint alleging strict products liability based upon design defect. The complaint, insofar as it alleges a cause of action based upon Verson's failure to warn, however, was properly dismissed. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Doerr, Balio and Boehm, JJ.