■ JOLENE DICKERSON, Respondent, v GEORGE J. MEYER MANUFACTURING et al., Appellants. [669 NYS2d 1001] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff sustained an injury to her wrist while operating a labeling machine manufactured by defendant George J. Meyer Manufacturing (Meyer) and its subsidiary, A-T-O Inc. (A-T-O). The labeling machine was sold to plaintiff's employer by defendant B & J Machinery, Inc. (B & J), as a used machine in serviceable condition. At the time of her injury, plaintiff was peering into the machine to determine the cause of a malfunction. The metal mesh doors covering the machine were open, a common practice in the facility. The interlock switch designed

to shut the machine down when any one of the machine's four doors was opened was depressed with a piece of tape, thus disabling it.

Plaintiff's action sounds in negligence and strict products liability. Reading the complaint liberally and given the fact that defendants' motions challenged such a claim, we conclude that there is also a claim of failure to warn (*see, Smith v Day Co.*, 242 AD2d 394).

Supreme Court properly denied defendants' motions for summary judgment insofar as they sought dismissal of the negligence and strict products liability causes of action. Defendants failed to establish that disabling a safety device by taping over it is a material alteration that would relieve the manufacturer and retailer of liability (*see, Miller v Anetsberger Bros.*, 124 AD2d 1057; *see generally, Zuckerman v City of New York*, 49 NY2d 557, 562).

In addition, Meyer and A-T-O failed to establish as a matter of law that the labeling machine was in a safe and nondefective condition when they placed it in the stream of commerce, and B & J failed to establish that the machine was safe and nondefective when sold to plaintiff's employer (*see generally, Peters v Frontier Hot-Dip Galvanizing*, 222 AD2d 1113).

The court erred, however, in failing to grant defendants' motions insofar as they sought dismissal of any failure to warn claim. The danger in entering the mechanical workings of an operating machine is apparent, and plaintiff in fact testified at her deposition that she appreciated the danger of her conduct. Thus, there was no duty to warn plaintiff of an obvious danger (*see, Belling v Haugh's Pools*, 126 AD2d 958, 959, *lv denied* 70 NY2d 602, *rearg dismissed* 70 NY2d 748; *see also, Smith v Stark*, 67 NY2d 693). Additionally, the record establishes that defendants had no knowledge of the manner in which the machine was being used so as to create a duty to warn (*see, Kingsland v Industrial Brown Hoist Co.*, 136 AD2d 901, 902). We therefore modify the order by granting in part defendants' motions for summary judgment and dismissing any failure to warn claim. (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Balio and Boehm, JJ.