■ JULIO C. W. STAJANO et al., Respondents-Appellants, v UNITED TECHNOLOGIES CORPORATION OF NEW YORK et al., Appellants-Respondents. [711 NYS2d 718] —Order, Supreme

Court, New York County (Martin Schoenfeld, J.), entered on or about January 7, 2000, which, in an action for personal injuries allegedly caused by defects in a helicopter designed and manufactured by defendants, *inter alia,* denied the parties' respective motions for summary judgment, unanimously affirmed, without costs.

Defendants' motion for summary judgment was properly denied since they failed to come forward with evidence of causation eliminating the possibility that the accident was caused by a design or manufacturing defect in the helicopter's external cargo carrying system (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). We would also note that disclosure on the issues of design and manufacture is incomplete. With respect to plaintiffs' cross motion for summary judgment, numerous issues of fact remain unresolved, including, most significantly, whether defendants designed, manufactured and installed the allegedly defective cargo carrying system. On the issue of the applicability of general maritime law, previously left unresolved by this Court (258 AD2d 424), while plaintiffs have submitted additional competent and undisputed evidence that the accident began over water, they still have not established a "maritime nexus" sufficiently to warrant a ruling. Factual issues continue to exist as to whether the subject helicopter was designed to perform, and in fact at the time of the accident was performing, an activity traditionally performed by waterborne vessels (*see, O'Hara v Bayliner,* 89 NY2d 636, 641-644, *cert denied* 522 US 822). We have considered plaintiffs' other arguments and find them to be unavailing. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Lerner, JJ.