■ CHIEN HOANG, Respondent, v ICM CORPORATION, Respondent, and HEIM GROUP et al., Appellants. [727 NYS2d 840] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, the employee of a temporary agency, was assigned to work at defendant ICM Corporation (ICM) and was injured while operating a punch press there. Plaintiff sustained crush injuries and traumatic partial amputation of three fingers when he activated a foot switch while reaching into the point of operation of the machine to remove a jammed circuit board. ICM had added the foot switch to the punch press on the day of the accident while plaintiff was taking his break. The foot switch was manufactured by defendant Linemaster Switch Corporation (Linemaster) and the punch press was manufactured by defendant The Heim Group (Heim). Defendant R.L. Lewis Co., Inc. (Lewis), a distributor, sold both the punch press and the foot switch to ICM. Although the foot switch was available as an option to add to the punch press, it could be purchased only if the buyer agreed to sign an indemnification agreement, agreeing to defend and indemnify Heim for "any claims arising out of the use or misuse of the foot switch." ICM

signed the indemnification agreement and forwarded it to Heim along with the specifications for the punch press.

Plaintiff commenced this action alleging, *inter alia,* failure to warn, design defect, strict products liability, breach of express and implied warranties of merchantability and fitness, and gross negligence. After extensive discovery, Linemaster, Heim and Lewis (defendants) moved for summary judgment dismissing the complaint and, in addition, Heim sought to enforce its indemnification agreement with ICM. Supreme Court, *inter alia,* denied defendants' motions.

The court properly denied those parts of defendants' motions seeking summary judgment dismissing the failure to warn claim. It is well established that "[a] manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known" (*Liriano v Hobart Corp.,* 92 NY2d 232, 237). "The adequacy of the warning in a products liability case based on a failure to warn is, in all but the most unusual circumstances, a question of fact to be determined at trial" (*Cooley v Carter-Wallace, Inc.,* 102 AD2d 642). "The nature of the warning and to whom it should be given depend upon a number of factors including the harm that may result from use of the product without the warnings, the reliability and adverse interest of the person to whom notice is given, the kind of product involved and the burden in disseminating the warning" (*Frederick v Niagara Mach. & Tool Works,* 107 AD2d 1063, 1064, citing *Cover v Cohen,* 61 NY2d 261, 276). In addition, when "the injured party was fully aware of the hazard through general knowledge, observation or common sense * * * lack of a warning about that danger may well obviate the failure to warn as a legal cause of an injury resulting from that danger" (*Liriano v Hobart Corp., supra,* at 241; *see also, Dickerson v Meyer Mfg.,* 248 AD2d 970, 971). Although the danger of placing one's hand in the point of operation was obvious, we conclude, based upon the record before us, that plaintiff's lack of prior experience with the foot switch creates a triable issue of fact with respect to the failure to warn claim (*see, Smith v Minster Mach. Co.,* 233 AD2d 892, 894).

The court also properly denied those parts of defendants' motions with respect to the design defect claim, which is based on the alleged lack of proper guarding. In opposition to defendants' motions, plaintiff submitted affidavits of an associate professor of engineering who opined that Heim should have provided guarding for the machine rather than leaving the guarding to be designed, constructed, and installed by the buyer. Plaintiff

thereby raised a triable issue of fact "whether the press was defective when manufactured because it did not have protective guards around the die space" (*Schneider v Verson Allsteel Press Co.*, 236 AD2d 806).

We conclude, therefore, that the court properly denied defendants' motions with respect to the first cause of action (alleging strict products liability) and the third cause of action (alleging failure to warn and design defect). The court erred, however, in failing to grant defendants' motions with respect to the second cause of action (alleging that defendants "publicly misrepresented material facts"), the fourth cause of action (alleging breach of express and implied warranties of merchantability and fitness), and the fifth cause of action (alleging gross negligence). Defendants met their initial burden with respect to those causes of action, and plaintiff failed to raise any issues of fact (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). We modify the order, therefore, by granting defendants' motions in part and dismissing the second, fourth and fifth causes of action against them.

We further conclude that the court erred in denying that part of Heim's motion seeking contractual indemnification from ICM and therefore further modify the order by granting Heim contractual indemnification for defense expenses and counsel fees and further by granting Heim conditional contractual indemnification with regard to any recovery against it. ICM specifically agreed both to guard the point of operation and to indemnify Heim for any injury arising out of the use or misuse of the foot switch. We conclude, based upon "the language and purposes of the entire agreement, and the surrounding facts and circumstances," that the parties clearly and unequivocally agreed to indemnification irrespective of Heim's fault (*Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153; *see, Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 158-159). (Appeals from Order of Supreme Court, Onondaga County, Murphy, J.— Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Burns, JJ.