■ ERIC GANTER, Respondent, v MAKITA U.S.A., INC., et al., Appellants, et al., Defendant. [737 NYS2d 184] —Appeal from that part of an order of Supreme Court, Erie County (Sedita, Jr., J.), entered February 9, 2001, that denied in part the motion of defendants for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendants' motion in part and dismissing the complaint against defendant Makita Corporation of America and the negligence and strict products liability causes of action against defendant Makita U.S.A., Inc. based on a manufacturing defect and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained while operating a portable table saw manufactured by defendant Makita U.S.A., Inc. (Makita). Plaintiff, who had not operated a table saw before the day of the accident, was injured when a shingle that he was cutting stuck and then ejected from the unguarded saw blade, causing his hand to strike the blade. The table saw was intentionally designed with a removable blade guard to facilitate certain of its intended uses.

Supreme Court erred in denying that part of defendants' motion seeking summary judgment dismissing the complaint against defendant Makita Corporation of America (MCA). Defendants established that MCA did not manufacture the subject table saw and plaintiff offered no evidence to refute that proof. The court further erred in denying that part of defendants' motion seeking summary judgment dismissing the negligence and strict products liability causes of action against Makita based on a manufacturing defect. Defendants established that the table saw had no manufacturing or assembly defect, and plaintiff failed to raise an issue of fact (*see generally, Caprara v Chrysler Corp.*, 52 NY2d 114, 123-124; *Henry v General Motors Corp., Chevrolet Motor Div.*, 201 AD2d 949, *lv denied* 84 NY2d 803).

We conclude, however, that the court properly denied that part of defendants' motion seeking summary judgment dismissing the negligence and strict products liability causes of action against Makita based upon defective design. Here, unlike *David v Makita U.S.A.* (233 AD2d 145) and *Banks v Makita, U.S.A.* (226 AD2d 659, *lv denied* 89 NY2d 805), relied on by defendants, the affidavit of plaintiff's engineer raises issues of fact whether the table saw was not reasonably safe due to a design defect and whether there were feasible alternative designs at the time of manufacture (*see, Eiss v Sears, Roebuck*

& Co., 275 AD2d 919, 919-920; *Smith v Minster Mach. Co.*, 233 AD2d 892, 893; *see also, Sanchez v Otto Martin Maschinenbau GmbH & Co.*, 281 AD2d 284, 285; *see generally, Lopez v Precision Papers*, 67 NY2d 871, 873).

We further conclude that the court properly denied defendants' motion seeking summary judgment dismissing the negligence and strict products liability causes of action against Makita based upon the failure to warn. The record establishes that plaintiff had no experience operating a table saw before the day of the accident and that the table saw was designed to be operated at times without the blade guard. Thus, on the record before us, we conclude that there is an issue of fact whether the risk to plaintiff from operating the table saw in an unguarded condition was so apparent as to obviate any duty to warn against such operation (*see, Chien Hoang v ICM Corp.*, 285 AD2d 971, 972; *see generally, Liriano v Hobart Corp.*, 92 NY2d 232, 241-242). The adequacy of the warnings on the table saw is also an issue of fact for trial (*see, Harrigan v Super Prods. Corp.*, 237 AD2d 882; *Smith v Minster Mach. Co., supra* at 894).

We therefore modify the order by granting defendants' motion in part and dismissing the complaint against MCA and the negligence and strict products liability causes of action against Makita based on a manufacturing defect. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ.