Appeal from an order of Supreme Court, Erie County (Glownia, J.), entered September 6, 2002, which, inter alia, denied the motion of defendant Hector’s Hardware & Paint Co., Inc. for summary judgment dismissing the complaint against it.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.
Memorandum: Plaintiffs commenced this action to recover for injuries sustained by plaintiff Juan Torres in an accident involving a table saw. The complaint asserts causes of action sounding in strict products liability, negligence, and breach of express and implied warranties. Supreme Court properly denied the motion of Hector’s Hardware & Paint Co., Inc. (defendant), the retail seller of the saw, for summary judgment dismissing the *1005 complaint against it. Defendant did not meet its burden of establishing its entitlement to judgment as a matter of law on the issue whether the saw was unreasonably dangerous for its intended use as a result of an inadequate blade guard (see generally Voss v Black & Decker Mfg. Co., 59 NY2d 102, 108-109 [1983]; Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 478-479 [1980]). In any event, plaintiffs raised a triable question of fact with respect to that issue (see Ganter v Makita U.S.A., 291 AD2d 847, 847-848 [2002]; Chien Hoang v ICM Corp., 285 AD2d 971, 972-973 [2001]; Sanchez v Otto Martin Maschinenbau GmbH & Co., 281 AD2d 284, 285 [2001]). We further conclude that there is a triable issue of fact concerning whether defendant breached its duty to warn (see Ganter, 291 AD2d at 848; Harrigan v Super Prods. Corp., 237 AD2d 882, 882-883 [1997]; Smith v Minster Mach. Co., 233 AD2d 892, 894 [1996]). Present—Pigott, Jr., PJ., Green, Scudder, Kehoe and Hayes, JJ.