■ JOHN M. ROSATI, Respondent, v HUNT RACING, INC., Appellant, et al., Defendant. [787 NYS2d 576]—

Appeal from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered October 27, 2003. The order, insofar as appealed from, denied the cross motion of defendant Hunt Racing, Inc. for summary judgment dismissing the complaint against it in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, an experienced motocross driver,

commenced this action seeking damages for injuries that he sustained while he was participating in a motocross race at a track owned and operated by Hunt Racing, Inc. (defendant). Supreme Court properly denied the cross motion of defendant for summary judgment dismissing the complaint against it. Defendant met its initial burden on the cross motion by establishing that plaintiff assumed the risk of his injury when, having been thrown from his motocross vehicle, another motocross vehicle driven by defendant Ronald Sanger collided with him when it came over the crest of a hill. We further conclude, however, that plaintiff raised an issue of fact sufficient to defeat the cross motion by presenting evidence that the flagman at the jump where plaintiff was injured either was not present or did not act appropriately to warn oncoming drivers that plaintiff had been thrown from his vehicle. Plaintiff also presented evidence that the subject flagman was only 14 years old and was out of position to take note of plaintiff's fall and thus could not adequately warn oncoming drivers that plaintiff and his motocross vehicle were on the track. "It is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d 270, 278 [1985]; *see Lamey v Foley*, 188 AD2d 157, 164 [1993]). "[F]or purposes of determining the extent of the threshold duty of care, knowledge plays a role but inherency is the sine qua non" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Lamey*, 188 AD2d at 164). We conclude that plaintiff raised an issue of fact whether an allegedly improperly trained or negligent flagman is a risk inherent in the sport of motocross racing (*see Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 969-970 [1992]; *Lamey,* 188 AD2d at 164-165). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.