■ JERRY A. BEEMER et al., Appellants, v DEERE & COMPANY, Respondent, et al., Defendant. [794 NYS2d 253]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered December 3, 2003. The order, insofar as appealed from, granted in part the motion of defendant Deere & Company for summary judgment and dismissed plaintiffs' defective design claims.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied in its entirety and the defective design claims are reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jerry A. Beemer (plaintiff) while he was driving a tractor equipped with a backhoe attachment and a roll guard. He was using the backhoe to dig a trench, and the back of his head and his neck hit the roll guard when the tractor "jarred" with unexpected force. Deere & Company (defendant) moved for summary judgment dismissing the complaint against it, and Supreme Court granted that part of the motion seeking dismissal of the defective design claims. We agree with plaintiffs that the court should have denied the motion in its entirety.

In support of that part of its motion seeking summary judgment dismissing the defective design claims, defendant contended that its dealer had offered plaintiff's employer a taller roll guard as a safety feature and that plaintiff's employer refused to purchase the taller roll guard. Defendant thus contended that it fulfilled its duty of care to plaintiffs and established its entitlement to judgment as a matter of law with respect to the defective design claims. We reject that contention.

Where, as here, plaintiffs contend that the product was defectively designed because a safety feature was optional rather than standard, defendant must show that "(1) the buyer [was] thoroughly knowledgeable regarding the product and its use and [was] actually aware that the safety feature [was] available; (2) there exist normal circumstances of use in which the product is not unreasonably dangerous without the optional equipment; and (3) the buyer [was] in a position, given the range of uses of the product, to balance the benefits and the risks of not having the safety device in the specifically contemplated circumstances of *the buyer's* use of the product" (*Scarangella v Thomas Built Buses*, 93 NY2d 655, 661 [1999]). Although defendant met its initial burden with respect to the first prong of the test, we conclude that plaintiffs raised an issue of fact with respect to that prong by submitting the deposition testimony of the person who purchased the tractor for plaintiff's employer. We further conclude that defendant failed to meet its initial burden with respect to the second prong, i.e., defendant failed to establish that there are "normal circumstances of use in which the product is not unreasonably dangerous without the optional [safety] equipment" (*id.*; *see generally Rosado v Proctor & Schwartz*, 66 NY2d 21, 26-27 [1985]). Thus, we conclude that defendant also failed to meet its burden with respect to the third prong, i.e., defendant failed to establish that plaintiff's employer was "in a position . . . to balance the benefits and the risks of not having" the taller roll guard installed (*Scarangella*, 93 NY2d at 661).

Despite its failure to cross-appeal, defendant contends that we should exercise our power to grant that part of its motion seeking summary judgment dismissing the complaint to the extent that it alleges the failure to warn (*see generally Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]). We have considered defendant's contentions with respect to the alleged failure to warn and conclude that there are triable issues of fact with respect thereto. Present—Green, J.P., Hurlbutt, Kehoe, Smith and Hayes, JJ.