■ MARK C. REPKA, Respondent-Appellant, v ARCTIC CAT, INC., Formerly Known as ARCTCO, INC., et al., Appellants-Respondents. [798 NYS2d 629]—

Appeals and cross appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered March 26, 2004. The order denied in part and granted in part defendants' motions for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motions in their entirety and reinstating the complaint in its entirety and as modified the order is affirmed with costs to plaintiff.

Memorandum: After being rendered a quadriplegic in a snowmobiling accident, plaintiff commenced this action asserting four causes of action: negligence on the part of defendant Arctic Cat, Inc., formerly known as Arctco, Inc., the manufacturer of the snowmobile, and defendant Arctic Sales, Inc., the wholesaler (collectively, Arctic defendants); negligence on the part of defendant K.L. Sales and Service, Inc. (K.L.), the retailer; strict products liability on the part of all defendants; and breach of warranty on the part of all defendants. The first and third causes of action are based on theories of design defect, manufacturing defect, and failure to warn, and the second cause of action alleges failure to warn and negligent misrepresentation.

We agree with plaintiff that Supreme Court erred in granting

those parts of the respective motions of defendants for summary judgment dismissing the claims of failure to warn (components of the first, second and third causes of action) against them. The purveyor of a product has a "duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known," even if those uses were unintended by the purveyor (*Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998]). The duty "extends to persons exposed to a foreseeable and reasonable risk of harm by the failure to warn" (*Smith v Minster Mach. Co.*, 233 AD2d 892, 894 [1996]). The "adequacy of the warning in a products liability case based on a failure to warn is, in all but the most unusual circumstances, a question of fact to be determined at trial" (*Cooley v Carter-Wallace, Inc.*, 102 AD2d 642, 642 [1984]; *see Chien Hoang v ICM Corp.*, 285 AD2d 971, 972 [2001]; *see also Ganter v Makita U.S.A.*, 291 AD2d 847, 848 [2002]). The nature of the necessitated warning and to whom it should be given "depend upon a number of factors including the harm that may result from use of the product without the warning[ ], the reliability and adverse interest of the person to whom notice is given, the kind of product involved, and the burden of disseminating the warning" (*Frederick v Niagara Mach. & Tool Works*, 107 AD2d 1063, 1064 [1985], citing *Cover v Cohen*, 61 NY2d 261, 276 [1984]). Even assuming, arguendo, that defendants established the sufficiency of the warnings as a matter of law, we conclude that plaintiff raised a triable issue of fact concerning their sufficiency through the averments of his expert (*see Ganter*, 291 AD2d at 848; *Chien Hoang*, 285 AD2d at 972; *Steinbarth v Otis El. Co.*, 269 AD2d 751 [2000]; *Smith*, 233 AD2d at 894). We thus modify the order accordingly.

Similarly, we conclude that the court erred in granting that part of the motion of K.L. for summary judgment dismissing the claim of negligent misrepresentation (a component of the second cause of action) against it (*see generally Osuchowski v Gallinger Real Estate*, 273 AD2d 892 [2000]; *International Fid. Ins. Co. v Gaco W.*, 229 AD2d 471, 475 [1996]; *Rinaldo v McCormick*, 139 AD2d 874, 875 [1988]; *Dawes v Ballard*, 133 AD2d 662, 663 [1987]). We therefore further modify the order.

We further conclude that the court erred in granting those parts of the respective motions of defendants for summary judgment dismissing the claims of a manufacturing defect (components of the first and third causes of action) against them. The conflicting deposition testimony concerning whether the "standard" carbide wear bars were in fact installed on the particular snowmobile sold to plaintiff creates a triable issue of fact

precluding summary judgment for defendants (*see Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 967-968 [2004]; *Stajano v United Tech. Corp. of N.Y.*, 273 AD2d 162 [2000]; *Napier v Safeguard Chem. Corp.*, 224 AD2d 310 [1996]). Specifically, the issue of fact is whether "the product's failure to perform in the intended manner [was] due to some flaw in the fabrication process . . . [, i.e., whether] the product was not built to specifications or . . . the product, as constructed, deviated from any such specifications or design" (*McArdle v Navistar Intl. Corp.*, 293 AD2d 931, 932 [2002] [internal quotation marks omitted]; *see Denny v Ford Motor Co.*, 87 NY2d 248, 257 n 3 [1995], *rearg denied* 87 NY2d 969 [1996]). We thus additionally modify the order accordingly.

We further agree with plaintiff that his various claims of negligence (components of the first and second causes of action) are not barred by the doctrine of primary assumption of the risk as a matter of law, and we thus conclude that the court erred in granting those parts of the respective motions of defendants seeking summary judgment dismissing the claims of negligence against them on that ground. Under the doctrine of primary assumption of the risk, participants in a sporting activity "properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986], citing *Maddox v City of New York*, 66 NY2d 270, 277-278 [1985]), and may be held to have assumed those risks that are "inherent" (*Cole v New York Racing Assn.*, 24 AD2d 993, 994 [1965], *affd* 17 NY2d 761 [1966]) or " ' "ordinary and necessary" ' " in the sport (*Turcotte*, 68 NY2d at 443, quoting *Cole*, 24 AD2d at 994; *see generally Lamey v Foley*, 188 AD2d 157, 163-164 [1993]). The fact that a particular product used by a participant in a sporting activity may prove to be defective is not an occurrence that is typically known, apparent, or reasonably foreseeable from the standpoint of the participant, nor is it ordinary, necessary or inherent in the activity itself. To the contrary, a defective or unreasonably dangerous condition of the product is almost always a "concealed" condition, representing an "unreasonably increased" risk and hence one that would remain unassumed by the participant (*Morgan v State of New York*, 90 NY2d 471, 485 [1997]; *see generally Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]; *Lamey*, 188 AD2d at 163-164). Under the specific circumstances of this case, we conclude, as a matter of law, that the risk that plaintiff might be injured as a result of riding an allegedly defectively designed and manufactured snowmobile—one allegedly lacking sufficient traction and steering control and unaccompanied by adequate warnings of such

alleged latent dangers when it left the hands of defendants— was not inherent in the sporting activity of snowmobiling, nor was it a risk known to plaintiff or understood by him, irrespective of the degree of his experience in riding snowmobiles (*see Maher v Recreational Mgt. Servs. Corp.*, 293 AD2d 720 [2002]; *Lamey*, 188 AD2d at 164-165; *cf. Rosati v Hunt Racing, Inc.*, 13 AD3d 1129 [2004]). Thus, the order must be further modified accordingly.

Addressing defendants' appeals, we conclude that defendants are not entitled to summary judgment dismissing the complaint in its entirety on the ground that the snowmobile was reasonably safe as a matter of law. In that regard, we note that plaintiff raised a triable issue of fact precluding summary judgment against him on his claims of defective design (*see Beemer v Deere & Co.*, 17 AD3d 1097, 1098 [2005]; *Wengenroth v Formula Equip. Leasing, Inc.*, 11 AD3d 677, 679-680 [2004]; *Chien Hoang*, 285 AD2d at 972-973; *Smith*, 233 AD2d at 893).

We further conclude that defendants are not entitled to summary judgment dismissing the complaint on the ground that the culpable conduct of plaintiff, including his alleged misuse of the snowmobile, was the sole proximate cause of the accident as a matter of law (*see Schneider v Verson Allsteel Press Co.*, 236 AD2d 806 [1997]). As a matter of law, plaintiff was engaged in a foreseeable use of the product (*see generally Lugo v LJN Toys*, 75 NY2d 850, 852 [1990]), and not a "misuse of the product" (*Crawford v Windmere Corp.*, 262 AD2d 268, 269 [1999], citing *Sabbatino v Rosin & Sons Hardware & Paint*, 253 AD2d 417 [1998], *lv denied* 93 NY2d 817 [1999]). Moreover, it "cannot be said as a matter of law that plaintiff's loss of control of his [snowmobile] and resultant injury were extraordinary, unforeseeable or attenuated from" defendants' allegedly defective design or manufacture of the snowmobile or defendants' alleged failure to warn (*Lamey*, 188 AD2d at 169). Present—Martoche, J.P., Smith, Lawton and Hayes, JJ. [*See* 2 Misc 3d 1009(A), 2004 NY Slip Op 50205(U) (2004).]