■ MARIO PENA, Respondent, v AEP INDUSTRIES, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [59 NYS3d 41]—In an action to recover damages for personal injuries, the defendant AEP Industries, Inc., appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated June 19, 2016, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant AEP Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff allegedly sustained injuries at his place of employment as he attempted to unload a delivery of merchandise sold by the defendant AEP Industries, Inc. (hereinafter the defendant). After the accident, the plaintiff commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, and submitted evidence in support of its motion which demonstrated that it manufactured, packaged, and loaded its merchandise, but retained a third party to transport the goods, and did not direct or control the plaintiff's efforts to unload the merchandise. The Supreme Court denied the motion, and the defendant appeals.

Here, the defendant established, prima facie, that it did not create a hazardous condition or have notice of a hazardous condition that proximately caused the injury-producing event to occur (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *cf. Peters v Frontier Hot-Dip Galvanizing*, 222 AD2d 1113 [1995]). In opposition to the motion, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Contrary to the plaintiff's contention, the evidence failed to raise a triable issue of fact as to whether the defendant used defective material to package its merchandise or whether the defendant improperly packaged or loaded its merchandise. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.