Jung v Glover (2019 NY Slip Op 01066)





Jung v Glover


2019 NY Slip Op 01066


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-07957
2018-02830
 (Index No. 711882/15)

[*1]Kristin Jung, appellant, 
v
David Glover, et al., respondents.


Forchelli Deegan & Terrana LLP, Uniondale, NY (Peter Basil Skelos and Russell G. Tisman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Joseph Laird of counsel), for respondents David Glover, ARI Fleet LT, and Daikin Applied Americas, Inc.
Mendolia & Stenz (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondent Harry Jung.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Leonard Livote, J.), entered July 10, 2017, and (2) an order of the same court entered January 8, 2018. The order entered July 10, 2017, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendants David Glover, ARI Fleet LT, and Daikin Applied Americas, Inc., dismissing the first, second, fourth, sixth, and eighth affirmative defenses asserted by those defendants, and dismissing the second and fourth affirmative defenses asserted by the defendant Harry Jung. The order entered January 8, 2018, insofar as appealed from, upon reargument, adhered to those determinations in the order entered July 10, 2017.
ORDERED that the appeal from the order entered July 10, 2017, is dismissed, without costs or disbursements, as that order was superseded by the order entered January 8, 2018, made upon reargument; and it is further,
ORDERED that the order entered January 8, 2018, is modified, on the law, by deleting the provisions thereof, upon reargument, adhering to the determinations in the order entered July 10, 2017, denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendants David Glover and Daikin Applied Americas, Inc., dismissing the second affirmative defense asserted by those defendants and the defendant ARI Fleet LT, and dismissing the second affirmative defense asserted by the defendant Harry Jung, and substituting therefor provisions, upon reargument, vacating those determinations in the order entered July 10, 2017, and, thereupon, granting those branches of the motion; as so modified, the order entered January 8, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff was sitting on the passenger seat of a motorcycle operated by the defendant Harry Jung when the motorcycle collided with a van operated by the defendant David Glover. The van was owned by the defendant ARI Fleet LT (hereinafter ARI) and leased to Glover's [*2]employer, the defendant Daikin Applied Americas, Inc. (hereinafter Daikin). Prior to the collision, Jung was driving the motorcycle straight in a southerly direction, and Glover, who was driving the van in a northerly direction, was attempting to make a left turn. The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in the accident.
Subsequently, the plaintiff moved for summary judgment on the issue of liability and dismissing various affirmative defenses asserted by the defendants. In an order entered July 10, 2017, the Supreme Court granted the plaintiff's motion to the extent that it determined that the plaintiff was free from comparative fault, and denied the motion in all other respects. The plaintiff moved for leave to reargue those branches of her motion which were for summary judgment on the issue of liability against Glover, ARI, and Daikin, and dismissing various affirmative defenses raised by all of the defendants. In an order entered January 8, 2018, the court, among other things, upon reargument, adhered to the determinations in the prior order denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability against Glover, ARI, and Daikin, dismissing the first, second, fourth, sixth, and eighth affirmative defenses asserted by those defendants, and dismissing the second and fourth affirmative defenses asserted by Jung. The plaintiff appeals.
Upon reargument, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Glover. In support of the motion, the plaintiff submitted, inter alia, the deposition testimony of Glover, Jung, and a nonparty witness. While there were some discrepancies between Glover's account of the accident and the accounts of Jung and the nonparty witness, even under Glover's account of the accident, he was negligent in attempting to make a left turn when the turn could not be made with reasonable safety, in violation of Vehicle and Traffic Law §§ 1141 and 1126 (see Yu Mei Liu v Weihong Liu, 163 AD3d 611, 612; Lebron v Mensah, 161 AD3d 972, 974; Shashaty v Gavitt, 158 AD3d 830, 831-832; Ildong Yeo v Spa Castle, Inc., 131 AD3d 1120, 1120-1121). In opposition, Glover, ARI, and Daikin failed to raise a triable issue of fact. The right of the plaintiff, as an innocent passenger, to summary judgment is not "restricted by potential issues of comparative negligence" which may exist as between Glover and Jung (Medina v Rodriguez, 92 AD3d 850, 850; see Anzel v Pistorino, 105 AD3d 784, 786; Silberman v Surrey Cadillac Limousine Serv., 109 AD2d 833).
Moreover, upon reargument, the Supreme Court also should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Daikin under the theory of vicarious liability. Daikin, which leased the van at issue for more than 30 days, was an owner of the van within the meaning of section 388 of the Vehicle and Traffic Law (see Vehicle and Traffic Law §§ 128, 388), and Daikin did not dispute that Glover was operating the van during the course of his employment (see Lundberg v State of New York, 25 NY2d 467, 471).
We agree with the Supreme Court's determination, upon reargument, adhering to its prior determination denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability against ARI. The plaintiff failed to establish, prima facie, that the Graves Amendment did not apply to this case (see 49 USC § 30106[a]; Graham v Dunkley, 50 AD3d 55, 57-58). "The Graves Amendment provides, generally, that the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle by reason of being the owner of the vehicle for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)'" (Cioffi v S.M. Foods, Inc., 129 AD3d 888, 892, quoting 49 USC § 30106[a]). Contrary to the plaintiff's contention, Glover's deposition testimony did not unequivocally show that ARI was responsible for maintaining the subject van. Indeed, at one point during the deposition, Glover testified that he was responsible for maintaining the van, which had been assigned to him by Daikin. For the same reasons, we agree with the court's determination, upon reargument, adhering to its prior determination denying that branch of the plaintiff's motion which was for summary judgment dismissing the first affirmative defense asserted by Glover, ARI, and Daikin, which addressed the issue of the applicability of the Graves Amendment.
Upon reargument, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing the second affirmative defense asserted by Glover, ARI, and Daikin pursuant to Insurance Law § 5102. The plaintiff established, prima facie, that as a passenger of a motorcycle, she was not a covered person who was entitled to recover first-party benefits under the Insurance Law, and that the issue of whether she had sustained a serious injury was immaterial (see Insurance Law §§ 5102, 5103, 5104; Englington Med., P.C. v Motor Veh. Acc. Indem. Corp., 81 AD3d 223, 228; Carbone v Visco, 115 AD2d 948). Glover, ARI, and Daikin failed to raise a triable issue of fact in this regard. Further, based upon a concession by Jung in opposition to the plaintiff's motion for summary judgment, the court also should have, upon reargument, granted that branch of the plaintiff's motion which was for summary judgment dismissing the second affirmative defense asserted by Jung, which raised the issue of defective service of the complaint.
The plaintiff's remaining contentions are without merit.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court